## Vogt v. Vogt.

(Decided November 14, 1924.)

### Appeal from Pike Circuit Court.

1. Witnesses—Leading Questions Not Permitted.—Leading questions should not be permitted.
2. Divorce—Court Erred in Not Granting Divorce, where Parties had been Separated for Over Five Years.—Where, by proper evidence, it was shown that separation existed for more than five years, court erred in not granting divorce..
3. Divorce—Court Erred in Divorce Case in Directing Execution for Cost and Attorney's Fees as Against Defendant Constructively Summoned.—Where divorce was denied, court erred in directing execution for cost and attorney's fees adjudged against defendant who was constructively summoned.

PICKLESIMER & STEELE and D. H. BLANKENSHIP for appellant.

J. M. BOLLING for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On November 11, 1921, appellant and plaintiff below, Grace C. Vogt, filed her petition in the Pike circuit court against her husband, the appellee and defendant below, W. M. Vogt, seeking a judgment against him dissolving their bonds of matrimony upon the ground that they had been living separate and apart without cohabitation for a continuous period of more than five years. Defendant was proceeded against by warning order duly made upon affidavit conforming to our practice, and the warning order attorney appointed filed his report.

Plaintiff took the depositions of two witnesses, and upon their testimony submitted the case, and the court dismissed her petition and denied her a divorce and from that judgment she prosecutes this appeal. .

There is nothing in the record to indicate the ground upon which the court dismissed the petition unless it be that it was of the opinion that plaintiff's testimony was insufficient to entitle her to the relief she sought. While the examination of the witnesses was loose and many of

the questions were flagrantly leading, yet upon the crucial fact, that of five years' separation without cohabitation, the witnesses were quite positive in their statements. The method of examination in this case is of too frequent occurrence, especially in divorce proceedings, where the adverse party is not present either in person or by attorney. If the essential fact in this case was developed by such forbidden method of examination, there would be more grounds for discarding the testimony altogether and denying any relief based upon it, and we feel sure that if courts would adopt that course in cases of the character indicated it would not be condemned by this court.

However, as indicated, we have concluded that the criticisms made do not apply to the questions and answers eliciting and establishing the statutory ground relied on with sufficient force to authorize the court to discard them altogether, and we, therefore hold that the court erred in dismissing the petition, and also erred in directing execution for the cost and attorney's fee adjudged against defendant, since no such enforcing process may issue except upon a judgment *in personam* and it cannot be rendered against a defendant constructively summoned.

Wherefore, the judgment is reversed with directions to grant the divorce and to make such allowances in the way of cost and attorney's fees as seem proper, but without the direction of an execution therefor.